**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>HERNAN SICAIROS-TAMAYO, AKA<br>Jose Beltran-Acosta,<br><br>Defendant-Appellant. | Nos. 21-30086<br>21-30087<br><br>D.C. Nos. 4:20-cr-06014-SMJ-1<br>4:20-cr-06013-SMJ-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted February 15, 2022**

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Hernan Sicairos-Tamayo appeals from the

district court's judgments and challenges the 41-month sentence imposed

following his guilty-plea conviction for being an alien in the United States after

deportation, in violation of 8 U.S.C. § 1326, and 8-month consecutive sentence

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sicairos-Tamayo contends that, because the Guidelines overstated the seriousness of his criminal history, the district court erred by denying his objection to his criminal history category. Whether framed as a request for a downward departure under U.S.S.G. § 4A1.3(b) or a variance under the court's 18 U.S.C. § 3553(a) analysis, we review this claim as part of the sentence's substantive reasonableness, *see United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006), which Sicairos-Tamayo also challenges. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Notwithstanding Sicairos-Tamayo's mitigating circumstances, the aggregate 49-month sentence is substantively reasonable in light of the applicable § 3553(a) sentencing factors and the totality of the circumstances, including Sicairos-Tamayo's three prior unauthorized reentry convictions and his failure to be deterred by sentences of 24, 27, and 37 months. *See Gall*, 552 U.S. at 51; *see also* U.S.S.G. § 7B1.3(f).

**AFFIRMED.**

21-30086 & 21-30087